## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION
## IN ADMIRALTY

### Case # - 21-CV-56

**THOMAS CAITO**,

      Plaintiff,

v.

**ONE 66' COMMERCIAL FISHING VESSEL (MMSI: 366783820, Call Sign: WCZ8756, USCG ID: 641819), known as the M/V MISS KATHI, its engines, tackle, equipment, apparel, appurtenances, etc., *in rem*, ROBERT LONG, *in personam*, and M/V *MISS KATHI* INC. a/k/a SUPERIOR SEAFOOD**,

      Defendants.

_____/

### VERIFIED COMPLAINT

**COMES NOW**, Plaintiff, THOMAS CAITO, by and through the undersigned counsel, files his Complaint against Defendants, ONE 66' COMMERCIAL FISHING VESSEL, known as the M/V *MISS KATHI*,  its engines, tackle, equipment, apparel, appurtenances, etc., *in rem*, ROBERT LONG, *in personam,* and M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD, *in personam*, and states that:

### ALLEGATIONS COMMON TO ALL COUNTS

1. This is an action for damages against Defendant in excess of Seventy-Five Thousand Dollars ($75,000.00).

1

2. Jurisdiction is proper in this Court under 28 U.S.C. 1333, and Article III, section 2 of the U.S. Constitution, which provides federal courts with original jurisdiction to hear admiralty or maritime cases, "saving to suitors in all cases all other remedies to which they may be entitled".

3. At all times material to this cause of action, Plaintiff, THOMAS CAITO, was a resident of the State of Florida and is all ways sui juris.

4. Upon information and belief, at all times material to this cause of action, Defendant, M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD (hereinafter referred to as 'SUPERIOR SEAFOOD'), was a Florida Profit Corporation, doing business under the laws of the State of Florida.

5. At all times material to this cause of action, the Defendant vessel, the M/V *MISS KATHI*, was registered in the State of Florida.

6. Upon information and belief, at all times material to this cause of action, Defendant, SUPERIOR SEAFOOD, was and is the true owner of the Defendant vessel, ONE 66' COMMERCIAL FISHING VESSEL, known as the M/V *MISS KATHI* (USCG ID: 641819; MMSI: 366783820; Call Sign: WCZ8756).

7. At all times material to this cause of action, the Defendant vessel, M/V *MISS KATHI*, was in the navigable waters of the State of Florida, in and around Venice, Florida.

8. Upon information and belief, at all times material to this cause of action,

Defendant, ROBERT LONG, was and is a resident of the State of Florida, and is in all ways sui juris.

9. The Defendant vessel, M/V *MISS KATHI*, is subject to the jurisdiction of this Court because it committed a tortious act or omission within the State of Florida.

10. Defendant, SUPERIOR SEAFOOD, is subject to the jurisdiction of this Court because it committed a tortious act or omission within the State of Florida.

11. Defendant, ROBERT LONG, is subject to the jurisdiction of this Court because he committed a tortious act or omission within the State of Florida.

12. On or about January 11, 2018, Plaintiff, THOMAS CAITO, was navigating his 29' 1983 C&C 29 MKII sailboat known as the M/V *Take Luck* (FL ID 8813MD), approximately 10 miles off the coast of Venice heading to Marathon, Florida, in the Atlantic Ocean, in 'navigable water' as defined in maritime law.

13. On or about January 11, 2018, the Defendant vessel, a commercial fishing vessel, bearing the name M/V *MISS KATHI* (ON 641819) (MMSI: 366783820, Call Sign: WCZ8756), was being captained by Defendant, ROBERT LONG, approximately 10 miles off the coast of Venice heading to Marathon, Florida, in the Atlantic Ocean, in 'navigable water' as defined in maritime law, with passengers aboard.

14. On or about January 11, 2018, Plaintiff was sailing in a southerly direction,

3

headed to Marathon, Florida. Maintaining an off shore distance of approximately 10 miles.

15. Around 4:00 p.m., on January 22, 2018, as Plaintiff was sailing toward Marathon, Florida, with his vessel lights on, Plaintiff encountered dense fog, causing visibility to be reduced to approximately 50 yards in front of Plaintiff's vessel.

16. Without warning, the Defendant vessel, the M/V *MISS KATHI*, travelling full speed and without any lights or horn blasts, came out of the fog and struck Plaintiff's sailboat head-on.

17. Defendant vessel had none of the U.S. Coast Guard required lights for fogged conditions lit, and at no time did the Defendant vessel sound any horn blasts to alert other vessels of her position as required by the U.S. Coast Guard.

18. Plaintiff had no time to turn his sailboat to prevent a collision from the oncoming vessel, the M/V *MISS KATHI*.

19. Defendant vessel failed to keep proper watch and did not alter course in any way and struck Plaintiff's vessel head on.

20. Plaintiff's vessel was seriously damaged in the collision and a portion of Plaintiff's vessel was destroyed and lost at sea.

### COUNT I – NEGLIGENCE as to
### M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD

21. Defendant, M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD, had a legal

duty to ensure that its vessel followed the articulated U.S. Coast Guard Navigation Rules in the navigation of Defendant vessel in the navigable waters of the State of Florida for the protection of other vessels, property, and for the protection of human life.

22. Defendant, M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD, owed to Plaintiff, THOMAS CAITO, the duty to use reasonable care in the operation of the Defendant vessel.

23. At all times material hereto, Defendant, M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD, breached its aforementioned duties, when its agent/employee failed to follow the articulated U.S. Coast Guard Navigation Rules in the navigation of Defendant vessel in the navigable waters of the State of Florida, specifically, Defendant, M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD's agent/employee:

   a. Failed to keep a proper lookout;

   b. Failed to slow their speed based on the conditions;

   c. Failed to observe vessel instrumentation and/or failed to keep vessel instrumentation operational,

   d. Failed to appropriately maneuver the Defendant vessel;

   e. Failed to use correct lighting and/or lighting signals;

   f. Failed to use correct sounding signals;

24. At all times material hereto, Defendant, M/V MISS KATHI INC a/k/a

SUPERIOR SEAFOOD, breached its aforementioned duties, when its agent/employee failed to use reasonable care in the operation of Defendant vessel.

25. As a direct and proximate result of Defendant's, M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD, negligence, Plaintiff THOMAS CAITO, suffered damages, including, but not limited to,damage to and/or the total loss of Plaintiff's vessel, and the loss of use of Plaintiff's vessel.

**WHEREFORE**, Plaintiff, THOMAS CAITO, demands judgment against Defendant, M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD, and further demands this Court grant him damages for his injuries and losses caused by Defendant, M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD, the costs incurred by Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

## <u>COUNT II – NEGLIGENCE as to ROBERT LONG</u>

26. Defendant, ROBERT LONG, had a legal duty to follow the articulated U.S. Coast Guard Navigation Rules in the navigation of Defendant vessel in the navigable waters of the State of Florida for the protection of other vessels, property, and for the protection of human life.

27. Defendant, ROBERT LONG, owed to Plaintiff, THOMAS CAITO, the duty to use reasonable care in the operation of Defendant vessel.

28. At all times material hereto, Defendant, ROBERT LONG breached his

aforementioned duties, when he failed to follow the articulated U.S. Coast Guard Navigation Rules in the navigation of Defendant vessel in the navigable waters of the State of Florida, specifically, Defendant, ROBERT LONG:

    a.  Failed to keep a proper lookout;

    b.  Failed to slow the vessel's speed based on the conditions;

    c.  Failed to observe vessel instrumentation and/or failed to keep vessel instrumentation operational,

    d.  Failed to appropriately maneuver Defendant vessel;

    e.  Failed to use correct lighting and/or lighting signals; and

    f.  Failed to use correct sounding signals.

29. At all times material hereto, Defendant, ROBERT LONG, breached his aforementioned duties when he failed to use reasonable care in the operation of Defendant vessel.

30. As a direct and proximate result of Defendant's, ROBERT LONG, negligence, Plaintiff THOMAS CAITO, suffered damages, including, but not limited to, damage to and/or the total loss of Plaintiff's vessel, and the loss of use of Plaintiff's vessel.

**WHEREFORE**, Plaintiff, THOMAS CAITO, demands judgment against Defendant, ROBERT LONG, and further demands this Court grant him damages for his injuries and losses caused by Defendant vessel, the costs incurred by Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem

just and appropriate.

## COUNT III – NEGLIGENCE as to ONE COMMERCIAL FISHING VESSEL, known as M/V *MISS KATHI*

31. Defendant vessel had a legal duty to follow the articulated U.S. Coast Guard Navigation Rules in the navigation of Defendant vessel in the navigable waters of the State of Florida for the protection of other vessels, property, and for the protection of human life.

32. At all times material hereto, Defendant vessel owed to Plaintiff, THOMAS CAITO, the duty to use reasonable care in the operation of Defendant vessel.

33. As a result, at all times material hereto, Defendant vessel breached its aforementioned duty, when its agent/employee failed to use reasonable care in the operation of the  Defendant vessel, by:

    a.  Failing to keep a proper lookout;

    b.  Failing to slow its speed based on the conditions;

    c.  Failing to observe instrumentation and/or failing to keep vessel instrumentation operational,

    d.  Failing to appropriately maneuver Defendant vessel;

    e.  Failing to use correct lighting and/or lighting signals; and

    f.  Failing to use correct sounding signals.

34. As a direct and proximate result of Defendant vessel's negligence, Plaintiff THOMAS CAITO, suffered damages, including, but not limited to,damage to

and/or the total loss of Plaintiff's vessel, and the loss of use of Plaintiff's vessel.

**WHEREFORE**, Plaintiff, THOMAS CAITO, demands judgment against Defendant vessel, ONE COMMERCIAL FISHING VESSEL, known as M/V *MISS KATHI*, and further demands this Court grant him damages for his injuries and losses caused by Defendant vessel, the costs incurred by Plaintiff in bringing this action, and any such other remedy and relief as this Court may deem just and appropriate.

## COUNT IV: MARITIME LIEN as to ONE COMMERCIAL FISHING VESSEL, known as M/V *MISS KATHI*

35. Pursuant to 46 U.S.C. 313.01(5)(B), the tort visited upon Plaintiff by Defendant vessel gives rise to a maritime lien against Defendant vessel, ONE COMMERCIAL FISHING VESSEL, known as M/V *MISS KATHI*, and in favor of Plaintiff for the damages caused by the Defendant vessel.

36. Plaintiff is entitled to assert its said maritime lien by way of arrest of the vessel, pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and Local (Admiralty) Rule 7.05.

37. That Defendant vessel, ONE COMMERCIAL FISHING VESSEL, known as M/V *MISS KATHI* collided with Plaintiff's vessel in the coastal waters of the State of Florida, in and around Venice, in Sarasota County, due to no fault of Plaintiff.

38. That under federal maritime law and under the rules of the U.S. Coast Guard, a

vessel is responsible not to collide with other vessels or persons.

39. As a result, at all times material hereto, Defendant vessel breached its aforementioned duty, when its owner/agent/employee failed to use reasonable care in operating Defendant vessel, by:

   a. Failing to keep a proper lookout;

   b. Failing to slow their speed based on the conditions;

   c. Failing to observe instrumentation and/or failing of to keep vessel instrumentation operational,

   d. Failing to appropriately maneuver Defendant vessel;

   e. Failing to use correct lighting and/or lighting signals;

   f. Failing to use correct sounding signals;

40. As a direct and proximate result of Defendants' negligence, Plaintiff ROBERT CAITO, suffered damages including, but not limited to, damage to and/or the total loss of Plaintiff's vessel, and the loss of use of Plaintiff's vessel.

41. Plaintiff has made demand for compensation for Plaintiff's damages to his vessel; however, nothing has been paid to Plaintiff.

42. Plaintiff has the right to pursue a foreclose of his lien through arrest of the offending vessel, and to seize Defendant vessel and hold it until his lien is satisfied or until sale of the offending vessel is ordered by the Court.

**WHEREFORE**, Plaintiff, THOMAS CAITO, demands judgment against

Defendant vessel, ONE COMMERCIAL FISHING VESSEL, known as M/V *MISS KATHI*, and prays for the following:

A. That process in due form of law according to practices of this Court and causes of Admiralty and Maritime Jurisdiction may issue against ONE COMMERCIAL FISHING VESSEL, known as M/V *MISS KATHI*, its engines, tackle, equipment, apparel, appurtenances, etc., with an MMSI: 366783820, the Call Sign: WCZ8756, and the USCG ID: 641819, *in rem* (or against its substitute security *in rem*) and against Defendant, ROBERT LONG, *in personam,* and M/V MISS KATHI INC a/k/a SUPERIOR SEAFOOD, *in personam*, and that all persons having or claiming any interest therein be cited to appear and answer under oath all in singular the matters aforesaid, and that this Court announce a Judgment in favor of Plaintiff in a reasonable amount for the damages sustained by Plaintiff, with costs and prejudgment interest;

B. That this Court grant to Plaintiff, named above, such other and further relief as this Court may deem just and appropriate within its equitable powers.

Respectfully submitted on this 8th day of January, 2021.

<div style="margin-left:40%">

Frank D. Butler, Esq.
FBN: 940585
fdblawfirm@aol.com
Kelly Ann L. May, Esq.
FBN: 59286
kmay@fightingforfamilies.com
Frank D. Butler, P.A.
10550 US Highway 19 North
Pinellas Park, FL 33782

</div>

Phone: 727-399-2222
Fax: 727-399-2202
Service: courtdocserve@fdblawfirm.com
Secondary:jseigler@fightingforfamilies.com
*Attorneys for Plaintiff*

**/s/ *Kelly Ann L. May, Esquire***
 Kelly Ann L. May, Esq.

## <u>VERIFICATION</u>

THOMAS CAITO, being duly sworn, deposes and says that he is the Plaintiff herein; that he has read the foregoing Complaint and is familiar with its contents.  That the source of his information is based on personal first-hand knowledge of the events described in the Complaint, including being on hand at the scene of the casualty at all times material, and that the same is true and correct.

_____
THOMAS CAITO

**STATE OF FLORIDA**
**COUNTY OF** _Monroe_

On this _8th_ day of _Jan_, 2021, before me personally came THOMAS CAITO, known to me to be the individual described herein, or produced the following identification _FL DL_, and who executed the foregoing instrument and he thereupon duly acknowledged to me that he executed the same as his free and voluntary act and deed for the purpose therein stated.

_____
Notary

My commission expires: _6-7-22_

MICHELLE DUNSWORTH
Notary Public · State of Florida
Commission # GG 226250
My Comm. Expires Jun 7, 2022
Bonded through National Notary Assn.

_Michelle Dunsworth_
Print Name